UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:20-CR-66-HAB |
| ) | |
| JAKWAN D. BRASTER ) | |

## OPINION AND ORDER

Defendant, Jakwan Braster ("Braster"), was indicted in a seven count indictment with: four counts of distributing a controlled substance (Counts 1-4), in violation of 21 U.S.C. §841(a)(1); one count of maintaining a drug premises (Count 5), in violation of 21 U.S.C. §856(a)(1); and two gun counts– one for a violation of 18 U.S.C. §924(c) (Count 6) and one for a violation of 18 U.S.C. §922(g)(1) (Count 7). (Indictment, ECF No. 1). Braster has moved to dismiss Count 7 asserting that the Supreme Court's opinion in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022) casts doubt on the Constitutionality of the federal felon in possession prohibition in the United States Code. (ECF No. 36). The Government has responded to the motion (ECF No. 40) and the time for Defendant's reply has expired, making the matter ripe for ruling.

## DISCUSSION

Title 18 U.S.C. §922(g)(1) criminalizes the possession of a firearm by a felon. Braster asserts that this statute violates his Second Amendment right to bear arms as explained by the Supreme Court in its recent decision in *Bruen*. For the reasons below, the Court concludes that §922(g)(1) survives constitutional scrutiny.

In *Bruen*, the Supreme Court rejected the means-end standard long used by courts of appeal to evaluate firearm restrictions under the Second Amendment. The Majority held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively

protects that conduct." *Bruen,* 142 S. Ct. at 2129-30. When the Second Amendment's plain text protects certain conduct, the burden shifts to the government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. If the government cannot demonstrate the existence of a historical tradition that would support applying the regulation to the conduct at issue, a court must conclude that the conduct is protected because it falls within the Second Amendment's "unqualified command." *Id.*

The starting point then, is the text of the Second Amendment which provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. A trilogy of Supreme Court cases have defined the scope of this right, beginning with *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) and *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010) and ending just last year with the *Bruen* decision.

It is tempting, as many courts have undertaken the task, to wax poetic about the history and meaning of the Second Amendment and to retrace the underpinnings of gun rights in this country. So too, this Court could fill pages discussing the trio of Supreme Court cases in great detail. But the answer to the question posed by the Defendant here– whether a felon is in the class of persons protected by the Second Amendment – is found in all three Supreme Court precedents and in the opening sentence and concluding paragraph of *Bruen.*[1]

In *Heller*, the Court repudiated the notion that anything in their opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ...." 554 U.S. at 626. Two years later in *McDonald*, the majority opinion emphasized *Heller's* holding:

---

[1] The answer can also be found in the Seventh Circuit's decision in *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019). In *Kanter,* the Seventh Circuit found §922(g)(1) constitutional, holding that the prohibition on the possession of firearms by felons—even those convicted of nonviolent felonies—to be presumptively lawful. *Kanter*, 919 F.3d at 448.

2

> We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as "prohibitions on the possession of firearms by felons and the mentally ill," "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id*., at 626 – 627, 128 S.Ct., at 2816–2817. We repeat those assurances here.

*McDonald*, 561 U.S. at 786.

Now, the Supreme Court has said it a third time in *Bruen*. In the opening sentence, the majority opinion reaffirms the Second and Fourteenth Amendment right of an "ordinary, *law-abiding* citizen to possess a handgun in the home for self-protection" recognized in *Heller* and *McDonald*. 142 S. Ct. at 2122 (emphasis added). The concept that constitutionally protected gun rights apply to "law-abiding citizens" is repeated in the second sentence of *Bruen* as well as over a dozen additional times throughout the majority opinion. *See id.* at 2125–2156. It is also echoed in the concluding paragraph, "New York's proper-cause requirement violates the [Constitution] in that it prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms." *Id.* at 2156 (emphasis added).

This same "law-abiding citizen" language is mirrored in the concurring opinions of the Justices, *see id.* at 2159 (Alito, J., concurring) ("[a]ll we decide in this case is that the Second Amendment protects the right of law-abiding people to carry a gun outside the home ... "); *id*. at 2162 (Kavanaugh, J., concurring) ("'[n]othing in [Bruen] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ....'").

Given the great care that the *Bruen* Court used to underscore that the Second Amendment protects the rights of "law-abiding" citizens to keep and bear arms, the Court sees no avenue for the Defendant here to argue that §922(g)(1), prohibiting his possession of a firearm as a felon (a non-law-abiding citizen), violates the Second Amendment even under *Bruen*'s new guidance. The Supreme Court made clear that it was reaffirming its prior holdings in *Heller* and *McDonald* which

3

recognize that felons are excluded from the protection of the Second Amendment.[2] Thus, this court finds that the Second Amendment does not protect the right of felons to possess firearms.

This Court has reviewed the case law both before and after the *Bruen* decision and finds that *Bruen*'s holding does not render the prohibition of felons from possessing firearms in § 922(g)(1) unconstitutional. Indeed, the Supreme Court has thrice said the right to bear arms contained in the Second Amendment belongs only to "law-abiding" citizens. This decision reflects the growing body of case law from other courts finding §922(g)(1) constitutional using similar reasoning. *See e.g.*, *United States v. Price*, 2023 WL 1970251 (N.D. Ill. February 13, 2023); *United States v. Garrett,* 2023 WL 157961 (N.D. Ill. January 11, 2023).[3] For this reason, then, Braster's Motion to Dismiss Count 7 is DENIED.

## CONCLUSION

For the above reasons, the Court DENIES Braster's Motion to Dismiss Count 7 (ECF No. 36). Trial dates will be set by separate entry.

SO ORDERED on March 2, 2023.

      s/ *Holly A. Brady*
      JUDGE HOLLY A. BRADY

---

[2] Given the Court's conclusion that the Supreme Court recognized in *Bruen* and its progeny that felons are excluded from Second Amendment protection, the Court does not feel compelled to detail whether felon-in-possession statutes have sufficient grounding in historical tradition to withstand a *Bruen* challenge.

[3] These courts have also upheld the constitutionality of §922(g)(1). *See, e.g., United States v. Jackson*, 2022 WL 4226229, at *2 (D. Minn. Sept. 13, 2022) (upholding Section 922(g)(1) for similar reasons as those stated here and remarking that "[w]hile Jackson would like this Court to scrutinize the history of felon-in-possession statutes, such examination is unnecessary at this time."); *United States v. King*, 2022 WL 5240928 (S.D.N.Y. Oct. 6, 2022); *United States v. Charles*, 2022 WL 4913900 (W.D. Tex. Oct. 3, 2022); *United States v. Siddoway*, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v. Collette*, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022); *United States v. Coombes*, , 2022 WL 4367056 (N.D. Okla. Sept. 21, 2022); *United States v. Hill*, , 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022); *United States v. Cockerham*, 2022 WL 4229314 (S.D. Miss. Sept. 13, 2022); *United States v. Burrell*, 2022 WL 4096865 (E.D. Mich. Sept. 7, 2022); *United States v. Ingram*, No. CR 0:18-557-MGL-3, 2022 WL 3691350 (D.S.C. Aug. 25, 2022).

UNITED STATES DISTRICT COURT

5

UNITED STATES DISTRICT COURT